UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INOCENCIA A. BAEZ           :
                            :
    v.                      :    C.A. No. 15-509S
                            :
ELECTRIC BOAT CORP.         :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Partial Motion to Dismiss filed by Defendant Electric Boat. (Document No. 10). Plaintiff, Inocencia Baez, filed an Objection, (Document No. 12) and Electric Boat filed a Reply. (Document No. 13). For the following reasons, I recommend that Defendant's Partial Motion to Dismiss be GRANTED.

**Facts**

On or about June 17, 2013, Plaintiff filed a charge alleging race, age, gender and/or disability discrimination with the Rhode Island Commission for Human Rights (the "RICHR"). (Document No. 1-1, ¶ 6). On or about May 18, 2015, Plaintiff was issued a Notice of Right to Sue by the RICHR. Id. ¶ 8.

In support of her claims of discrimination, Plaintiff alleges that she was hired by Defendant on or about June 28, 2004 as a painter. Id. ¶ 11. Plaintiff was born on December 28, 1952 and was sixty years of age at the time of her termination. Id. ¶ 14. Plaintiff suffered from hypertension, as well as severe and chronic back, neck, knee and shoulder pain resulting from work-related injuries that took place while employed by Defendant. Plaintiff was the only Hispanic and the only female in her Department. Id. ¶¶ 15-18. Plaintiff further alleges that throughout her time working for

Defendant, she was frequently subjected to racial discrimination and racial slurs from other non-minority employees and supervisors. Id. ¶ 27. Despite repeated complaints to higher ups, no disciplinary action was ever taken against the non-minority employees or supervisors despite Defendant's non-discrimination policy. Id. ¶ 29. Plaintiff claims that she was frequently disciplined whenever she attempted to defend herself. Plaintiff also asserts that she was frequently assigned additional work details that non-minorities were not required to do, such as sweeping and cleaning. She claims that despite consistently objecting to such additional work details, no corrective measures were ever taken. Id. ¶¶ 30-32. Plaintiff also alleges that she was subjected to a sexually hostile work environment, insofar as she was subjected to sexual conduct which had the purpose or effect of unreasonably interfering with her work performance or creating an intimidating, hostile or offensive work environment. Id. ¶ 33. Specifically, such conduct included being subjected to sexual remarks and conduct directed at her by male coworkers. Id. ¶ 34. Despite complaining to Defendant, no disciplinary action was taken against those coworkers. Id. ¶ 35. On or about June 14, 2012, Plaintiff was abruptly suspended by Defendant for purported safety violations, wasting company time and improper conduct toward a member of management. Id. ¶ 38. On or about July 1, 2012, Defendant terminated Plaintiff's employment. Id. ¶ 39.

In its Motion, Defendant specifically challenges the Rhode Island Fair Employment Practices Act (the "FEPA") claim made by Plaintiff under R.I. Gen. Laws § 28-5-7(1)(v).[1] Under the FEPA, when an employee has presented to his/her employer an internal complaint alleging harassment in the workplace on the basis of race or color, sex, disability, age, or country of ancestral origin, the

---

[1] Defendant also moved to dismiss Count II as untimely. Plaintiff specifically noted that she "does not object to Defendant's Partial Motion to Dismiss Count II as untimely...." (Document No. 12 at 1). I, therefore, recommend that the unopposed Motion to Dismiss Count II as untimely be GRANTED.

employer must disclose in "a timely manner in writing to that employee the disposition of the complaint, including a description of any action taken in resolution of the complaint ...." R.I. Gen. Laws § 28-5-7(l)(v). Refusing to disclose the disposition of a complaint is considered an "unlawful employment practice" in and of itself under the FEPA. In her Complaint, Plaintiff alleges that she presented to Defendant internal complaints alleging harassment in the workplace on the basis of sex, age, disability and race/color on numerous occasions. She asserts that Defendant never disclosed the disposition of her complaints to her in writing and in a timely fashion as required by law. She also claims that Defendant has not provided any record of a purported investigation. Plaintiff does not specifically allege that she made a request for the disposition which was denied, i.e., refused. Plaintiff Objects to the Motion to Dismiss the FEPA claim as unexhausted.

**Discussion**

    **A.**    **Standard of Review**

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court construes the Complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). While a plaintiff need not plead factual allegations in great detail, the allegations must be

sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  The complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss."  Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).

### B. Exhaustion

The parties dispute whether the portion of Count I that alleges a claim under R. I. Gen. Laws § 28-5-7(1)(v) was properly exhausted.  Section 28-5-7(1)(v) of Rhode Island General Laws states that it is unlawful "to refuse to disclose in a timely manner in writing...the disposition of...an internal complaint alleging harassment."  Plaintiff asserts that her Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR Charge") contained sufficient factual detail to place Defendant on notice of her Section 28-5-7(1)(v) claim, thus exhausting the claim.  Defendant argues that her Section 28-5-7(1)(v) claim was absent from her RICHR Charge.

An analysis of relevant case law guides the Court's determination as to whether the exhaustion requirements of the FEPA were satisfied by the allegations contained in Plaintiff's RICHR Charge.  The parties agree that Title VII serves as a guide for determining whether the exhaustion requirements of the FEPA have been met, and they also generally agree that the case law provides that the allegations contained in the Complaint must be "reasonably within the scope of an agency investigation of" those made in the administrative charge.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).  The Lattimore Court specifically stated that, "in employment discrimination cases, '[t]he scope of the civil complaint is...limited by the charge filed with the

[administrative agency] and the investigation which can reasonably be expected to grow out of that charge.'" Id. (citations omitted.)

The general purpose underlying the administrative exhaustion requirement is to provide the employer with prompt notice of the claim and an opportunity for early resolution. See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); and Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). "The scope of the civil complaint is accordingly limited to the charge filed with the [administrative agency] and the investigation which can reasonably be expected to grow out of that charge." Fantini v. Salem State Coll., 557 F.3d 22, 26-27 (1st Cir. 2009). However, "[a]n administrative charge is not a blueprint for the litigation to follow" and "what can 'reasonably be expected to grow out of the charge of discrimination' must be determined by considering 'the plain import of the administrative charge as a whole' and 'the breadth of the administrative inquiry reasonably required to investigate the charge." Gonzalez-Rodriguez v. Potter, 605 F. Supp. 2d 349, 361 (D.P.R. 2009) (quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)).

No Rhode Island Court has addressed the portion of the FEPA at issue, therefore, there is no definitive guidance as to whether the general allegations contained in the Complaint are sufficient to satisfy the exhaustion requirement for that portion of the FEPA. The parties take opposing positions. Defendant claims that "no reasonable reading" of Plaintiff's Charge "would have alerted the RICHR to the alternative theory of liability" under R.I. Gen. Laws § 28-5-7(1)(v). Defendant also accurately points out that Plaintiff was represented by counsel in connection with her RICHR Charge and that the charge is quite detailed. Finally, Defendant notes that the portion of the statute at issue is a "separate legislative" provision and should have been pled separately in her Charge. Plaintiff, on the other hand, alleges that the allegations set forth in her Charge are closely related to

those in the Complaint. Plaintiff points out that courts apply a "flexible" standard when determining if the general purpose of the exhaustion requirement has been met – i.e., whether the Defendant was put on notice of the claims against it and had the opportunity for an early resolution. (Document No. 12-1 at 8.)

Based on the case law and the parties' positions, the resolution of this legal issue requires a close review of the language of the RICHR Charge and the Complaint.  In her Objection to the Motion to Dismiss, Plaintiff points to several statements in her RICHR Charge that she claims support her allegation that Defendant had notice of her claim.  She specifically points out that her RICHR Charge contained allegations that she lodged internal complaints about coworkers, but "no disciplinary action was ever taken against the non-minority employees or supervisors..." that "no corrective actions were ever taken..." and that because Defendant "was on notice of a sexually hostile workplace complaint and failed to properly investigate and address the matter, [it] is liable for FEPA violations." (Document No. 12-1 at 4, citing Charge of Discrimination at ¶¶ 30-39, 40-48). A side-by-side comparison of the Complaint with the RICHR Charge highlights the differences between the two documents. The paragraphs that Plaintiff asserts support her exhaustion argument do not contain a reference to § 28-5-7(1)(v), they do not track its language and they are contained within paragraphs that fall under the headings of "Race Discrimination" and "Gender Discrimination."  The RICHR Charge never mentions § 28-5-7(1)(v), nor does it state that Defendant "refused to disclose" a disposition of her internal complaint in a "timely manner." The Complaint filed in this Court, on the other hand, contains a heading entitled "Failure to Disclose Disposition of Complaint" and alleges that Plaintiff presented Defendant with an internal complaint alleging harassment on the basis of "sex, age, disability, and race/color on numerous occasions."

(Document No. 1-1 at 8, ¶ 66).  She  asserts that Defendant failed to disclose the disposition of her complaints and never provided her with a record of the internal investigation, in violation of the FEPA.  Id. at ¶¶ 67-69.

In short, the Complaint contains a specific heading, and its underlying paragraphs specifically track the statutory language and contain several citations to the statute.  These same allegations are not present in the RICHR Charge, and the RICHR Charge's paragraphs that Plaintiff asserts support  her § 28-5-7(1)(v) claim are a failed attempt to rewrite history.  The "refusal to disclose" claim was never presented to the RICHR.  It is a distinct claim under the FEPA, and Plaintiff's Complaint clearly treats it as such.  Given the detail of Plaintiff's pleadings both before the RICHR and this Court, I can only conclude that Plaintiff was unaware of the "refusal to disclose" claim when this matter was presented to the RICHR or chose not to pursue it at that time.  Either way, the claim is clearly beyond the scope of the harassment/discrimination charges presented to the RICHR and the investigation that could reasonably be expected to grow out of those charges.  Therefore, I do not find that the RICHR Charge contained allegations sufficient to alert Defendant or the RICHR that Plaintiff intended to lodge a § 28-5-7(1)(v) claim.  Accordingly, her R.I. Gen. Laws § 28-5-7(1)(v) claim is unexhausted and must be dismissed.

**Conclusion**

For the reasons stated, I recommend that the District Court GRANT the Partial Motion to Dismiss filed by Defendant Electric Boat and DISMISS only that portion of Count I alleging a "refusal to disclose" claim under the FEPA and Count II in its entirety.  (Document No. 10).  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file

specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 16, 2016